12727

HARLEM CORPORATION *ET AL.* v. EADIE *ET AL.*

(149 S. E., 401)

244

246

248

*Mr. H. L. Erckmann,* for appellants,

*Messrs. Julian Mitchell,* and *E. L. Visanska,* for respondent,

August 28, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

A majority of the Court is satisfied that the master has arrived at the just conclusion of this case and that his report should have been confirmed by the circuit Judge.

In addition to what he has said, we observe: The funds which were upon deposit with the South Carolina Loan & Trust Company to the credit of Mrs. Hibbett were deposited there for the purpose of investment, and prior to December 13, 1926, she was making insistent demands upon the bank that the fund be invested. The investment in the bond and mortgage in question was made by the officers of the bank on December 13, 1926 at a time when the bank was open and depositors who desired to do so were withdrawing their deposits by checks as their necessities required without suggestion of the insolvency of the bank. The transaction in question was as readily sustainable as were the transactions by depositors who drew checks upon their de-

posits. We do not suppose that it would be contended that the receiver of the bank, which was closed three days later on December 16th, could require a return of the funds withdrawn by depositors upon checks, unless it distinctly appeared that on December 13th the bank was in an insolvent condition and known so to be by its managing officers. In the circuit decree it is conceded that there was no evidence that the bank was insolvent on December 13th, and the conclusion that it was is drawn simply from the fact of the proximity of its failure to that date.

A reliable definition of the "insolvency" of a bank is found in *Ex Parte Berger,* 81 S. C., 250, 62 S. E., 249, 252, 22 L. R. A. (N. S.), 445: "A bank is insolvent when, from the uncertainty of being able to realize on its assets, in a reasonable time, a sufficient amount to meet its liabilities, it becomes necessary for the control of its affairs to pass out of its hands." We find no evidence of such condition from the testimony in this case. It is a matter of common knowledge that a bank may be theoretically entirely solvent and be subjected to a condition of panic among its depositors which brings about the condition referred to in the *Berger case.* We do not doubt that such was the fact with the bank in question on December 16, 1926, when it was forced to close its doors and be taken over by the bank examiner. There is no question in this case of the *bona fides* of the debt which the bank owed to Mrs. Hibbett; there is evidence tending to show that the bank in compliance with her urgent insistence made the investment of her funds in the bond and mortgage, and we can see no reason why she should suffer, and scores of others on December 13th, 14th, 15th, and the morning of the 16th who withdrew their funds are scatheless.

The judgment of this court is that the decree of the circuit Judge be reversed, and that the report of the master be made the judgment of this Court.

MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE STABLER (dissenting) : For the reasons stated by his Honor, Judge Townsend, in his decree, which will be reported, I think the judgment of the circuit Court should be affirmed.

MR. CHIEF JUSTICE WATTS concurs with MR. JUSTICE STABLER.